UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABRINA COHN, | CASE NO. 2:25-cv-01915-LK |
| Plaintiff, | ORDER DISMISSING CASE WITH PREJUDICE |
| v. | |
| DCYF Monroe et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. On October 6, 2025, Magistrate Judge Michelle L. Peterson granted Plaintiff Sabrina Cohn's application to proceed in forma pauperis under 28 U.S.C § 1915(a)(1). Dkt. No. 5. However, under 28 U.S.C. § 1915(e)(2)(B), the complaint in this case is duplicative of two other complaints filed by Cohn that are before this Court. Therefore, this complaint must be dismissed.

Cohn has filed four other lawsuits in the past year, in addition to this one, that contain many identical allegations, name overlapping sets of defendants, and contain similar (though not

ORDER DISMISSING CASE WITH PREJUDICE - 1

identical) attachments.[1] Two of these other four cases are before this Court: *Cohn v. Lake Stevens Police Department et al.*, 2:25-cv-01914-LK, and *Cohn v. Lake Stevens Police Dep't et al.*, 2:26-cv-00245-LK. Each of the three complaints before this Court (and indeed, all five complaints) begins identically: with a typewritten, notarized document titled "Affidavit of Sabrina Gene Cohn," dated May 15, 2025. Dkt. No. 6 at 1–4.[2] The document is structured like a complaint and appears to contain the operative facts in the complaint, which describes events related to the custody of Cohn's child. In this case, Cohn also attaches two letters from the United States Department of the Interior, a Standard Tort Claim Form with handwritten notes containing additional allegations, and an Authorization for Release of Protected Health Information. Dkt. No. 6 at 5–16. Besides the handwritten sections on the Standard Tort Claim Form, these additional documents appear identical to the additional documents included with the first-filed complaint (though attached in a different order). *See Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK, Dkt. No. 6 at 5–16.

The Court reviewed the allegations presented in Cohn's first-filed complaint before this Court,[3] concluded that the complaint fails to state a claim on which relief can be granted, dismissed the complaint without prejudice, and granted limited leave to amend. *Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK, Dkt. No. 23; *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses the complaint in this case with prejudice because it is duplicative of the first-filed

---

[1] *Cohn v. Monroe DCYF et al.*, 2:25-cv-01051-RAJ; *Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK; *Cohn v. Lake Stevens Sch. Dist. et al.*, 2:25-cv-01916-JNW; *Cohn v. Lake Stevens Police Dep't et al.*, 2:26-cv-00245-LK.

[2] *See also Cohn v. Monroe DCYF et al.*, No. 2:25-cv-01051-RAJ, Dkt. No. 1 at 1–4; *Cohn v. Lake Stevens Police Dep't et al.*, No. 2:25-cv-01914-LK, Dkt. No. 6 at 1–4; *Cohn v. Lake Stevens Sch. Dist. et al.*, No. 2:25-cv-01916-JNW, Dkt. No. 2 at 1–4; *Cohn v. Lake Stevens Police Dep't et al.*, No. 2:26-00245-LK, Dkt. No. 1-1 at 1–4 (redacted).

[3] *Cohn v. Monroe DCYF et al.*, 2:25-cv-01051-RAJ was filed prior to *Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK, but it is before a different judge and was terminated at the request of Cohn before any substantive order issued, *see Cohn v. Monroe DCYF et al.*, 2:25-cv-01051-RAJ, Dkt. No. 24.

ORDER DISMISSING CASE WITH PREJUDICE - 2

complaint (*Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK). *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case" if the action "is frivolous or malicious"); *Granger v. King*, No. 2:25-CV-00811-JNW, 2025 WL 1311344, at *1 (W.D. Wash. May 6, 2025) ("Courts uniformly agree a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant."); *see also Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (under the doctrine of claim-splitting, plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant" (citation modified)).

The Court accordingly DIMISSES with prejudice Cohn's complaint. The Clerk is directed to close the case. If Cohn wishes to maintain any allegations raised only in this complaint (if any exist), she may add them to her amended complaint in *Cohn v. Lake Stevens Police Dep't et al.*, 2:25-cv-01914-LK, to the extent such amendment is otherwise permissible.

Dated this 6th day of April, 2026.

Lauren King
United States District Judge

ORDER DISMISSING CASE WITH PREJUDICE - 3